UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANSIS CEMAL DAVIS,

    Petitioner,

v.                                           CASE NO. 6:08-cv-863-Orl-31KRS

ATTORNEY GENERAL, STATE
OF FLORIDA, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 8). Petitioner filed a reply to the response (Doc. No. 12).

Petitioner alleges two claims for relief in his habeas petition, that trial counsel rendered ineffective assistance by: (1) failing to properly advise him of the statutory maximum sentences to which he was subject; and (2) failing to investigate and call an alibi witness. For the following reasons, the petition is denied.

I.     *Procedural History*

Petitioner was convicted after a jury trial of robbery with a firearm, grand theft, and

aggravated assault. At the sentencing hearing, the trial court dismissed the convictions for grand theft and aggravated assault because the offenses were subsumed by the robbery with a firearm offense. The state trial court sentenced Petitioner to a twenty-five year term of imprisonment. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam* .

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The state trial court granted an evidentiary hearing on one of Petitioner's claims. After the hearing, the trial court denied the Rule 3.850 motion. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

## II.     Legal Standards

**A.     Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")**

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

   B.   *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief

3

on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

F.3d 384, 386 (11th Cir. 1994).

III.   *Analysis*

   A.   *Claim One*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to properly advise him of the statutory maximum sentence he could receive for the charged offenses prior to him rejecting the State's plea offers. Petitioner maintains that had he known he could receive life in prison, he would have accepted one of the State's plea offers.

Petitioner raised this claim in his Rule 3.850 motion. The state court held an evidentiary hearing on the claim. Thereafter, applying *Strickland*, the state court denied relief. (App. H at 245.) The state court reasoned that, contrary to Petitioner's testimony, counsel "testified that he discusses the charges and penalties with his clients in each and every case" and that he advised Petitioner that he faced the possibility of a life sentence if he proceeded to trial and was convicted. *Id.* at 245. The state court concluded that counsel's testimony was more credible, and as such, Petitioner failed to establish that counsel provided ineffective assistance.

The state court made a factual determination that counsel advised Petitioner of the sentence he faced if he proceed to trial and was convicted. The record indicates that counsel testified that he advised Petitioner that he was subject to a possible life sentence and that he advised Petitioner to accept the State's plea offer of eight years. (App. H at 28, 31, & 33.) Petitioner has failed to demonstrate by clear and convincing evidence that the

5

state court's factual determination was incorrect in light of the evidence presented. Accordingly, claim one is denied pursuant to § 2254(d).

### B. *Claim Two*

Petitioner asserts that counsel rendered ineffective assistance by failing to investigate and call an alibi witness to testify at trial. Specifically, Petitioner contends that he informed counsel that he was at the apartment of his girlfriend, Ruth Mittenberger, on the night of the offense and that she would testify as an alibi witness for him. Petitioner maintains that counsel failed to speak with Ms. Mittenberger or call her as a witness.

Petitioner raised this claim in his Rule 3.850 motion. Applying *Strickland*, the state court denied relief. (App. H at 246.)

"The decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony. The witness may not testify as anticipated, or the witness's demeanor or character may impress the jury unfavorably and taint the jury's perception of the accused; or the testimony, though sympathetic, may prompt jurors to draw inferences unfavorable to the accused." *Lema v. United States*, 987 F.2d 48, 54 (1st Cir. 1993) (citations omitted). "A strategic decision by defense counsel will be held to constitute ineffective assistance 'only if it was so patently unreasonable that no competent attorney would have chosen it.'" *Kelly v. United States,* 820 F.2d 1173, 1176 (11th Cir. 1987) (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

Petitioner has failed to advance a persuasive argument that trial counsel's decision

6

not to investigate or call Ruth Mittenberger was unreasonable or that this decision can be construed as conduct outside the wide range of professional representation. "Reasonably competent trial counsel might well have determined that the best prospect for acquittal lay in discrediting the government's witnesses, rather than presenting additional testimony which could appear to legitimate the government's case or raise questions about the defense not previously suggested by the government's evidence." *Id*.

Evidence was presented at trial demonstrating that Petitioner and Mittenberger lived together. Moreover, Mittneberger was Petitioner's girlfriend at the time the offense was committed. The jury further heard that Mittenberger's vehicle was the one in which the perpetrators fled the scene of the robbery and that Petitioner had access to and drove Mittenberger's vehicle. Furthermore, the evidence presented at trial included Petitioner's handprint which was taken from the counter of the hotel in which the robbery occurred.[2] Thus, the evidence against Petitioner was substantial, and the State would have been able to challenge the credibility of Mittenberger's testimony had she testified. Finally, the Court notes that after the close of evidence, the trial judge asked Petitioner if he was satisfied with counsel's services, and Petitioner responded affirmatively and did not notify the trial court that counsel failed to call Mittenberger as a witness against his wishes. (App. A-2 at 333.) In view of the tactical risks and Petitioner's failure to demonstrate that the witness's

---

[2] The Court notes that the jury heard testimony that Petitioner denied ever being in the hotel where the robbery occurred.

testimony would have benefitted his case,[3] the failure to investigate and to present this witness did not amount to ineffective assistance of counsel. Therefore, this claim is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 9th day of June, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 6/9
Counsel of Record
Ansis Cemal Davis

---

[3]Petitioner's failure to demonstrate prejudice is particularly true given the strength of the evidence presented by the State at trial.